## American Cigar Company, Appellee, v. J. Berger et al., in the matter of contempt petition filed against Dora Siegel et al., Appellants.

### Gen. No. 25,573.

1.  CONSPIRACY—*picketing.* There is no such thing as "peaceful picketing" and the very act of picketing constitutes intimidation and is unlawful.

2.  INJUNCTION—*right of court to consider continuance of picketing after previous rule to show cause.* The conduct of respondents in continuing to picket the premises of appellee in spite of an injunction order restraining them from doing so, and of the decision of the court on a previous rule to show cause, is properly considered by the trial court as a challenge to the court as to whether or not its processes shall be respected.

3.  INJUNCTION—*when punishment for violation not excessive.* Upon petition for a rule to show cause, charging respondents with violation of an injunction restraining them from picketing the premises of appellee and interfering with its employees, where the respondents consisted of three classes, those who had been found guilty of similar acts upon a previous rule to show cause, those who were witnesses at the previous hearing and in daily attendance upon that case, and those who had been neither respondents nor witnesses previous to the filing of the second petition, and where the violations of the injunction were flagrant and were not even denied, sentences of 15 days in the county jail and fines ranging from $75 to $175 were not too severe.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed June 18, 1921. Rehearing denied July 15, 1921.

DANIEL L. CRUICE and FRED C. G. SCHMIDT, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an order finding the appel-

lants guilty of contempt of court and punishing them therefor, on a hearing upon a petition for a rule to show cause, which petition charged appellants with violation of an injunction theretofore issued pursuant to the prayer of a bill filed by the complainant, American Cigar Company.

The injunction order involved in the case at bar is the same order involved in case No. 25,718, *ante*, p. 285, in which we are this day filing an opinion. The case referred to was an appeal from an order finding ten persons, who had been employees of the appellee company and who were on strike, guilty of contempt of court by reason of their failure to comply with the terms of the injunction which had been issued on bill of complaint filed by said company. The order in that case was entered on March 25, 1919, following a rule to show cause, which was entered pursuant to a petition filed February, 5, 1919. The appellee company filed another petition for a rule to show cause, and such a rule was entered on April 12, 1919. The latter proceeding involved eight of the ten respondents who were included in the former petition and twenty-five others who were not included in the former petition, some of them, however, having been witnesses at the hearing before the court on the return of the former rule. The new petition charged that since the order which had been entered by the court on March 20, 1919, in continued combination, conspiracy and confederation between themselves and others, and in wilful, intentional, open and flagrant violation of the injunction, the respondents persisted in picketing and patrolling the factory of the company and intimidating, interfering with, annoying and molesting its employees as they went to and from their daily work, all of which resulted in the interruption of and interference with its business, to its great injury.

The respondents in the case at bar did not answer the rule but filed a motion that the same be discharged,

setting up in support thereof that (1) respondents were not proper parties to the bill upon which the injunction was issued; (2) the rule was not based upon sufficient sworn facts; (3) they were not served with the injunction order; (4) the record failed to disclose that they unlawfully, wilfully and knowingly interfered with the process of the court; (5) the record failed to disclose sufficient facts to constitute a cause for said injunction order; (6) the court was without jurisdiction to entertain the rule against respondents; (7) the matters set forth in the petition and notice directed against respondents are not properly a part of the action and the alleged contempt, if any, is criminal; (8) the affidavit, upon which the rule to show cause is based, is founded upon incompetent evidence; and (9) the court is without jurisdiction to enforce the injunction order, or to punish for contempt for violation of the same, because said order, so far as it seeks to enjoin said respondents and punish them for contempt for the exercise of free speech and free press, is void and amounts to a denial of their rights and privileges guaranteed by the Constitutions of the United States and of the State of Illinois. This motion was filed on behalf of each of the respondents. The court overruled the motion and respondents elected to stand by their motion. A separate rule was entered as to one of the respondents referred to and she filed her answer.

Thereupon the appellee submitted evidence tending to support all the allegations of their petition and the court found all said allegations to be true and that all of the respondents were guilty of a contempt of court. Accordingly, the court entered an order on June 12, 1919, in which the eight respondents who had been respondents to the previous rule were sentenced to the county jail for terms ranging from 15 to 50 days and the respondents who had not been respondents to the previous rule were each sentenced

to the county jail for 15 days and ordered to pay fines ranging from $75 to $175. From that order the respondents have perfected this appeal.

The argument filed by the respondents in the case at bar is a verbatim copy of the argument filed by them in case No. 25,718, *ante*, p. 285, with the exception of eight lines included in the argument in the other case, referring to the testimony of two of the witnesses. On motion of appellee these two cases were consolidated for hearing in this court. All of the matters urged by respondents in support of the appeal involved in the case at bar have been fully covered by us in the opinion filed in case No. 25,718, and we shall not repeat here what we have there said.

The appellee company submitted its testimony, which, as above stated, supported the allegations of the petition and showed that, notwithstanding not only the injunction order but the previous order of the court on the rule to show cause involved in case No. 25,718, all the respondents involved in the case at bar had continued to picket the company's factory and further showed that many of those who had been parties to the previous rule, or who had been witnesses at the previous hearing, had proceeded from the court room, following the announcement of the court's order in the previous case, to the vicinity of the factory and resumed their picketing for the very evident purpose of intimidating, interfering with and coercing the company's employees. Notwithstanding this, respondents in the case at bar declined to introduce any testimony or make any effort to account for their conduct but stood by their motion to dismiss the rule.

The court had made it quite clear, in announcing his decision on the previous rule, that it was a clear violation of the injunction for the strikers involved to picket the appellee company's premises, whether or not such conduct was accompanied by open violence, as it was shown to be on the return to the previous rule.

That such was the case, is apparent from a mere reading of the order. That there is no such thing as "peaceful picketing," and that the very act of picketing constitutes intimidation and is unlawful, has been firmly established by our Supreme Court as the law of this State. *Barnes & Co. v. Chicago Typographical Union,* 232 Ill. 424; *Franklin Union v. People,* 220 Ill. 355; *Philip Henrici Co. v. Alexander,* 198 Ill. App. 568; *Christenson v. People,* 114 Ill. App. 40.

The conduct of the respondents in continuing to picket the premises of the appellee company, in spite of both the injunction order and the decision of the court on the previous rule to show cause, in our opinion, was properly considered by the trial court as "a challenge to the court as to whether or not its processes shall be respected." The respondents involved in this proceeding were of three classes, namely, those who had been respondents to the previous rule, those who had been witnesses at the hearing on the occasion of the return to the previous rule, and in daily attendance upon that hearing, and those who had neither been respondents nor witnesses previous to the filing of this second petition. After having the matter of punishment, on this rule, under advisement for about 30 days, the court imposed the sentences to which we have already referred, grading the punishment according to the above circumstances and apparently also taking into consideration the extent to which each of the respondents herein had engaged in the picketing complained of, since the previous contempt order had been entered. In our opinion that was proper, and considering the flagrant violations of the court's orders, which were not even denied by the respondents (with the one exception referred to), and the fact that they stood in open defiance of the court and of its decrees and processes, it cannot be said that the sentences imposed were too severe. As the trial court well said when imposing the sentences, of

which respondents complain, the punishment was properly and "necessarily of such character as to call to their attention the fact that this is still a country of law and order and that the individual opinions of these respondents cannot control but they must obey a court which is legally constituted."

We find no error in the record and therefore the order of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.